UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA KNIGHT,<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | No. 2:16-cv-01334 AC<br><br><br>**ORDER** |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34.[1] For the reasons that follow, plaintiff's motion for summary judgment will be GRANTED, and defendant's cross-motion for summary judgment will be DENIED. The matter will be reversed and remanded to the Commissioner for further proceedings.

////

////

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); <u>Bowen v. City of New York</u>, 476 U.S. 467, 470 (1986).

1

## I. PROCEDURAL BACKGROUND

Plaintiff applied for DIB on October 3, 2012. Administrative Record ("AR") 19.[2] The disability onset date was alleged to be May 10, 2007. AR 19. The application was disapproved initially and on reconsideration. Id. On June 24, 2014, ALJ Dante M. Alegre presided over the hearing on plaintiff's challenge to the disapprovals. AR 35 – 55 (transcript). Plaintiff, who appeared with her counsel Paul Ryan, was present at the hearing. AR 35. David Dettmer, a Vocational Expert ("VE"), also testified at the hearing. Id.

On October 28, 2014, the ALJ found plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d). AR 19-28 (decision), 29-32 (exhibit list). On April 15, 2016, after receiving Exhibit 9E, Representative Brief dated November 10, 2014 as an additional exhibit, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-5 (decision and additional exhibit list).

Plaintiff filed this action on June 15, 2016. ECF No. 1; see 42 U.S.C. § 405(g). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 5, 7. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 13 (plaintiff's summary judgment motion), 16 (Commissioner's summary judgment motion).[3]

## II. FACTUAL BACKGROUND

Plaintiff was born on October 28, 1953, and accordingly was, at age 58, a person of advanced age under the regulations, when she filed her application.[4] AR 112. Plaintiff has at least a high school education, and can communicate in English. AR 164-66. Plaintiff worked in the banking industry from March of 1974 through May of 2002, ending with the title of Assistant Vice President. AR 167.

---

[2] The AR is electronically filed at ECF Nos. 9-3 to 9-25 (AR 1 to AR 1563).
[3] Plaintiff did not file a reply brief.
[4] See 20 C.F.R. § 404.1563(e) ("person of advanced age").

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . .'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted). Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

////

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI). Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. § 404.1520(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id. §§ 404.1520(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id. §§ 404.1520(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id. §§ 404.1520(a)(4)(iv), (e), (f).

4

> Step five: Does the claimant have the residual functional capacity
> perform any other work? If so, the claimant is not disabled. If not,
> the claimant is disabled.

Id. §§ 404.1520(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2007.
>
> 2. [Step 1] The claimant did not engage in substantial gainful activity during the period from her alleged onset date of May 10, 2007 though her date last insured of December 31, 2007 (20 CFR 404.1571 *et seq.*).
>
> 3. [Step 2] Through the date last insured, the claimant had the following medically determinable impairments: vascular headaches, seasonal allergies, fibrocystic breast disease and anxiety (20 CFR 404.1521 *et seq.*).
>
> 4. [Step 2, cont.] Through the date last insured, the claimant did not have an impairment or combination of impairments that limited the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant did not have a severe impairment or combination of impairments (20 CFR 404.1521 *et seq.*).
>
> 5. The claimant was not under a disability, as defined in the Social Security Act, at any time from May10, 2007, the alleged onset date, through December 31, 2008, the date last insured (20 CFR 404.1520(c)).

AR 21-27.

As noted, the ALJ concluded that plaintiff was "not disabled" under Title II of the Act. AR 27.

## VI. ANALYSIS

Plaintiff alleges that the ALJ erred by (1) failing to find plaintiff suffered from a severe impairment at Step 2 and failing to credit Dr. William Mora's retrospective diagnosis and

5

opinion, and (2) rejecting plaintiff's testimony regarding her pain and functional limitations without articulating clear reasons for doing so."[5] AR 13 at 1. Plaintiff requests that the matter be remanded to the Commissioner for an immediate award of benefits, or in the alternative, for reconsideration consistent with the court's opinion. Id. at 20.

### A. The Step Two Inquiry

"The step-two inquiry is a de minimis screening device to dispose of groundless claims." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). The purpose is to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education, and experience were taken into account. Bowen v. Yuckert, 482 U.S. 137, 153 (1987). At step two of the sequential evaluation, the ALJ determines which of claimant's alleged impairments are "severe" within the meaning of 20 C.F.R. § 404.1520(c). "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 96-3p, 1996 SSR LEXIS 10 (1996)). The step two severity determination is "merely a threshold determination of whether the claimant is able to perform his past work. Thus, a finding that a claimant is severe at step two only raises a prima facie case of a disability." Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007).

At the second step, plaintiff has the burden of providing medical evidence of signs, symptoms, and laboratory findings that show that his or her impairments are severe and are expected to last for a continuous period of twelve months. Ukolov v. Barnhart, 420 F.3d 1002, 1004-05 (9th Cir. 2005); see also 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.909, 416.920(a)(4)(ii). An ALJ's finding that a claimant is not disabled at step two will be upheld

---

[5] Plaintiff also argued that the ALJ erred in failing to utilize the services of a medical advisor to establish the onset date of plaintiff's disability pursuant to Social Security Ruling "SSR" 83-20 (1983). This argument is premature because the ALJ found plaintiff not-disabled at Step 2: "SSR 83–20 does not require a medical expert where the ALJ explicitly finds that the claimant has never been disabled." Sam v. Astrue, 550 F.3d 808, 809 (9th Cir. 2008). This argument does not support remand.

6

where "there are no medical signs or laboratory findings to substantiate the existence of medically determinable physical or mental impairment." Ukolov, 420 F.3d at 1005.

### B. The ALJ Failed to Properly Consider the Retrospective Opinion of Dr. Mora

The ALJ erred at Step 2 by failing to give proper weight to the opinion of treating physician Dr. William Mora. The Ninth Circuit distinguishes "among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians). As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995), as amended (Apr. 9, 1996). In general, "conflicts in the evidence are to be resolved by the Secretary [and their] determination must be upheld when the evidence is susceptible to one or more rational interpretations." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). However, "where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons. Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir.1991)." Lester, 81 F.3d at 830. The Ninth Circuit has "also held that 'clear and convincing' reasons are required to reject the treating doctor's ultimate conclusions. Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir.1988)." Id. "[M]edical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the preexpiration condition." Smith v. Bowen, 849 F.2d 1222, 1225 (9th Cir.1988).

Plaintiff's argument is twofold: that the ALJ erred in failing to find a severe impairment, and that the ALJ erred in failing to consider the opinion of treating physician Dr. Mora. Because the undersigned agrees with the latter argument, the former is therefore premature; the ALJ must properly consider the medical evidence on remand and, considering that evidence, make a new analysis of plaintiff's impairments at Step 2. Dr. Mora began treating plaintiff in 2012, but issued a retrospective opinion going back to 2007. AR 1544-48. The ALJ gave little weight to Dr. Mora's opinion because he has "no first-hand knowledge of [plaintiff's] condition in 2007." AR 26. The ALJ also states that Dr. Mora failed to provide "objective clinical or diagnostic findings" to support his opinion with respect to plaintiff's condition in 2007, and opines that Dr.

Mora's opinion is inconsistent with plaintiff's activities of daily living. The undersigned finds that none of these reasons support discounting Dr. Mora's opinion.

First, it was improper to discount Dr. Mora's opinion on the grounds that he had not personally seen plaintiff in 2007. "Diagnosis of a claimant's condition can properly, of course, occur after the onset of the impairment." Lester, 81 F.3d 8 at 832, n. 10 (internal citations omitted). Further, the fact that Dr. Mora did not personally see the plaintiff in 2007 can hardly be used to discredit his opinion as to that time period when, in the very next paragraph, the ALJ gives "great weight" to the opinions of agency review physicians who never personally examined the plaintiff at all. AR 26, see Lester, 81 F.3d 8 at 832) ("the ALJ noted that Dr. Taylor's conclusions were based on 'limited observation' of the claimant. While this would be a reason to give less weight to Dr. Taylor's opinion than to the opinion of a treating physician, it is not a reason to give preference to the opinion of a doctor who has *never* examined the claimant." (emphasis original)).

Second, the ALJ erred in rejecting Dr. Mora's opinion for not providing "objective clinical and diagnostic findings" from 2007 to support his opinion. AR 26. "The Commissioner is required to give weight not only to the treating physician's clinical findings and interpretation of test results, but also to his subjective judgments." Lester, 81 F.3d 8 at 832-33. The ALJ should have considered Dr. Mora's subjective judgments, based on plaintiff's diagnosis and medical record as a whole. To the extent the ALJ contends that Dr. Mora's subjective opinion is actually "inconsistent with objective findings," his statement on this matter is impermissibly vague.

Finally, the ALJ mischaracterizes plaintiff's activities of daily living and improperly finds a conflict between them and Dr. Mora's opinion. The ALJ asserts that the records show a "somewhat normal level of daily activity and interaction," but cites only two instances of such "normal" activity. AR 25. The ALJ references a record that shows plaintiff's vertigo improved with exercises. Id., AR 606. What the referenced record actually states is that plaintiff's vertigo improved with "exercises given by Dr. Kerns." AR 606. This does not indicate that plaintiff was working out regularly at the gym; this indicates that plaintiff was compliant and completed

therapeutic exercises recommended by her physician. Id. The ALJ also states plaintiff "indicated she was using a treadmill in 2008." AR 25, AR 737. What the record actually states on this subject is that plaintiff complained of "difficulty walking on her treadmill for the last few months" in 2008 and described "her abdomen as feeling bloated, and her legs as feeling "heavy" with muscle aches. AR 737. The ALJ's conclusion that plaintiff was engaged in "normal" daily activity based on these two medical notes is unsupported.

The ALJ erred by failing to give proper weight to the opinion of Dr. Mora. Because proper consideration of Dr. Mora's opinion may have altered the ALJ's ultimate characterization of plaintiff's impairments, the error is not harmless. In order for the ALJ to make the necessary findings, the matter must be remanded for reconsideration. The Commissioner must make a new analysis at Step 2 that properly accounts for Dr. Mora's opinion.

### C. The ALJ Improperly Rejected Plaintiff's Subjective Testimony

The ALJ improperly rejected plaintiff's subjective testimony regarding her pain and impairments. Evaluating the credibility of a plaintiff's subjective testimony is a two-step process. First, the ALJ must "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. . . . In this analysis, the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014) (internal citations omitted). Objective medical evidence of the pain or fatigue itself is not required. Id. (internal citations omitted). Second, if the ALJ does not find evidence of malingering, the ALJ may only reject the claimant's testimony by offering "specific, clear and convincing reasons for doing so." Id. (internal citations omitted). The Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." Id. at 1016.

The ALJ discredits plaintiff's testimony for "reasons explained in [the] decision," but the

only clear reason the ALJ provides is alleged inconsistency between plaintiff's testimony regarding her symptoms and their limiting effect and her "somewhat normal level of activity and interaction." AR 25. As discussed above, the ALJ's findings regarding plaintiff's daily activities were in error. Upon a complete review of the record, the undersigned finds that plaintiff presented objective medical evidence of impairments that could lead to her symptoms. The ALJ did not find evidence of malingering, and the court finds none. The ALJ did not provide specific, clear, or convincing reasons for rejecting the plaintiff's subjective testimony. AR 23. On remand, the ALJ must reconsider plaintiff's subjective testimony in accordance with this order.

C. Remand

Plaintiff argues that the court should remand for the immediate calculation and award of benefits. However, it is for the ALJ to determine in the first instance whether plaintiff has severe impairments and, ultimately, whether she is disabled under the Act. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) ("the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court"). Here, the ALJ failed to properly consider evidence at Step 2; further analysis inclusive of all relevant evidence is necessary. Accordingly, the matter will be remanded for further proceedings.

VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 13), is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 16), is DENIED;

3. This matter is REMANDED to the Commissioner for further consideration consistent with this order; and

4. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

DATED: September 8, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE